IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MARIA DIAZ LOZADA, et al.,**

**Plaintiff,**

**v.**

**COMERICA, INC., et al.,**                Civil No. 14-1236 (GAG)

**Defendants.**

## OPINION AND ORDER

This case is remanded to state court. Defendants sought removal under 28 U.S.C. § 1443(1), which "'entitles the defendants to remove . . . to federal court only if they . . . show both that the right upon which they rely is a right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of [the state]." Georgia v. Rachel, 384 U.S. 780, 788 (1966).

The Federal Housing Act, which Defendants invoke to establish jurisdiction, satisfies the first prong because it provides for equal civil rights. Removal fails on the second prong because nothing indicates the Puerto Rico courts cannot capably and fairly entertain a counterclaim rooted in the Fair Housing Act.

To demonstrate that Defendants are denied or cannot enforce their rights in state court, "[i]t is not enough to support removal under § 1443(1) to allege or show that the [D]efendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials

Civil No. 14-1236 (GAG)

in advance of trial," Greenwood v. Peacock, 384 U.S. 808, 827 (1966), which strongly parallels the allegations here.  Defendants argue that the state administrative authority is not vested with federal authority to adjudicate their fair housing claims, though they admit that a state court has authority to do so.  They have not demonstrated why they cannot receive a competent and fair proceeding in the Puerto Rico courts once a Puerto Rico judge actually receives a counterclaim alleging Fair Housing Act violations.  The Fair Housing Act preempts state laws in many ways, and, should it apply in this instance, a Puerto Rico court is perfectly capable of handling the issue.  "The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial."  Id.   Absent any proffer demonstrating why a state judge of the Commonwealth is not as capable to adjudicate this matter as the undersigned, this case is remanded to state court.

      SO ORDERED.

      In San Juan, Puerto Rico this 1st day of May, 2014.

      /S/ Gustavo A. Gelpí
      GUSTAVO A. GELPI
      United States District Judge